No. 17-50319

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

*IN THE MATTER OF: JOE JESSE MONGE; ROSANA ELENA MONGE*

------------------------

*LAW OFFICES OF MICHAEL R. NEVAREZ, A Professional Corporation, doing business as The Nevarez Law Firm, P.C.,*
                    *Appellant*

              *v.*

*JOE JESSE MONGE; ROSANA ELENA MONGE,*
              *Appellees*

---

On Appeal from the United States District Court
For The Western District of Texas
El Paso Division

---

**APPELLANT'S SECOND MOTION TO SUPPLEMENT THE RECORD**

---

MICHAEL R. NEVAREZ, ESQ.
The Nevarez Law Firm, PC
Attorneys and Counselors At Law
P.O. Box 12247
El Paso, Texas 79913
Telephone: (915) 584-8000
Facsimiles: (915) 584-8024

ATTORNEY FOR APPELLANT

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following persons and entities

have an interest in the outcome of this case:

*Appellant:*
        Nevarez Law Firm, PC

        Represented by Counsel: Michael R. Nevarez
                                The Nevarez Law Firm, PC

*Appellees:*
        Joe Jesse Monge and Rosana Elena Monge

        Represented by Counsel: E.P. Bud Kirk

*United States Trustee:*
        Randolph N. Osherow


                        /s/ Michael R. Nevarez
                        **MICHAEL R. NEVAREZ**
                        Attorney of Record for Appellant

ii

## STATEMENT REGARDING ORAL ARGUMENT

Appellant suggests that oral argument on "Appellant's Second Motion To Supplement The Record" is not necessary, that the issues presented can be determined upon the record, and that oral argument would not benefit the panel.  The positions of the parties are clear and the record uncomplicated.  Fed. R. App. P. 34.  As such, Appellant agrees to submit this "Appellant's Second Motion To Supplement The Record" on the record, but will not oppose any request for oral argument that may be submitted.

Respectfully Submitted,

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Attorney of Record for Appellant

iii

**TO THE HONORABLE COURT OF APPEALS FOR THE FIFTH CIRCUIT:**

Appellant NEVAREZ LAW FIRM, PC (hereinafter referred to as "Appellant" and/or "NEVAREZ LAW") files this "Appellant's Second Motion To Supplement The Record" ("Second Motion"), and respectfully asks the Court to supplement the record, for the reasons set forth herein.

## I.    PROCEDURAL BACKGROUND.

1.    On June 7, 2017, NEVAREZ LAW filed "Appellant's Motion To Supplement The Record" ("DC Motion"), in the case styled *The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*, Cause No. 3:17-cv-00055-DB ("DC Appeal"), in the United States District Court for the Western District of Texas ("USDC").[1]  (DC Appeal DOC# 17).  A true and correct copy of the DC Motion is attached hereto as Exhibit No. 1.  The DC Motion sought to supplement the record, in the DC Appeal, with multiple filings recently unsealed in the case of *Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*, Cause No. 3:15-cv-00297-DB ("RICO Case"), in the USDC, including:

a.    "United States' First Application For Extension Of Time To Intervene" (RICO Case DOC# 6).  (Exhibit No. 1, Pgs. 14-16);

b.    "Ex Parte Memorandum In Support Of United States' First

---

[1]  The DC Appeal is an appeal from the final order dismissing the underlying adversary proceeding, *The Law Offices Of Michael R. Nevarez, A Professional Corporation, d/b/a The Nevarez Law Firm, PC v. Joe Jesse Monge and Rosana Elena Monge*, Adversary Number 16-03009-hcm ("AP"), in the United States Bankruptcy Court for the Western District of Texas ("USBC"), the same case underlying this Appeal.

Application For Extension Of Time To Intervene" (RICO Case

DOC# 6-1).  (Exhibit No. 1, Pgs. 18-23); and,

c.    "Plaintiff's Motion For Leave To File Plaintiff's First Amended

Complaint" (RICO Case DOC# 14).  (Exhibit No. 1, Pgs. 25-

35).

("Unsealed Documents").

2.    On June 12, 2017, NEVAREZ LAW filed "Appellant's Motion To

Supplement The Record" (Document #00514030264)("First Motion") herein,

seeking to supplement the record in this Appeal with multiple filings from the

RICO Case, including:

a.    "Motion To Unseal The Original Complaint In This Case"

(RICO Case DOC# 103);

b.    "Plaintiff's Response To Motion To Unseal The Original

Complaint In This Case" (RICO Case DOC# 104);

c.    "Order Denying Motion To Unseal The Original Complaint In

This Case" (RICO Case DOC# 107);

d.    "United States' First Application For Extension Of Time To

Intervene" (RICO Case DOC# 6);

e.    "Ex Parte Memorandum In Support Of United States' First

Application For Extension Of Time To Intervene" (RICO Case

2

DOC# 6-1); and,

    f.    "Plaintiff's Motion For Leave To File Plaintiff's First Amended

Complaint" (RICO Case DOC# 14).

3.    On July 7, 2017, the USDC issued the "Order Granting Appellant's

Motion To Supplement The Record" (DC Appeal DOC# 25)("DC Order"),

granting the DC Motion.  A true and correct copy of the DC Motion is attached

hereto as Exhibit No. 2.

## II.    GROUNDS FOR RELIEF SOUGHT.

**A.    The Recently Unsealed Documents In The RICO Case Are Directly
Relevant To This Appeal.**

4.    As discussed in the First Motion, the recently unsealed documents in

the RICO Case are directly relevant to this Appeal, as they reveal and confirm (a)

the MONGES never had a valid *qui tam* cause of action to support the MONGES'

baseless Count for Intentional Violation of the Automatic Stay, (b) the MONGES

thus failed to state a claim upon which relief could be granted, (c) NEVAREZ

LAW's filing of the RICO Case could have had absolutely no impact on any asset

of the MONGES or their estate, and (d) the USBC improperly and unlawfully

ordered NEVAREZ LAW to produce the sealed documents to the MONGES.

(Document #00514030264, Pgs. 9-12, ¶¶20-27);(*see also* Exhibit No. 1, Pgs. 6-8,

¶¶18-23).

5.    Accordingly, the DC Order, and the DC Motion to which it relates,

3

are similarly relevant to this Appeal, as they show the Unsealed Documents, which are determinative of the issues herein, have been accepted into the record, to be reviewed by the USDC, in the DC Appeal taken from the same AP underlying this Appeal.

**B.    The Court Should Supplement The Record To Include The DC Motion And DC Order.**

6.    On April 21, 2017, NEVAREZ LAW filed, in the USDC, "Appellant's Designation For Appeal" (ROA.2067-2083)("Designation"), which included, in the record for this Appeal, "all documents" filed in the DC Appeal. (ROA.2068, ¶5).

7.    As discussed above, the DC Order, and the DC Motion to which it relates, are directly relevant to this Appeal, as they show the Unsealed Documents, which are determinative of the issues herein, have been accepted into the record, to be reviewed by the USDC, in the DC Appeal taken from the same AP underlying this Appeal.

8.    The DC Order, and the DC Motion to which it relates, are also directly relevant to this Appeal, as they directly pertain to the documents sought to be included in the record in this appeal, under Appellant's First Motion.

9.    The Fifth Circuit has repeatedly held "[a] court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410 (5th Cir. 2010)

4

(quoting *In re Missionary Baptist Found. of Am., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983)).

10.    Therefore, for the Court's convenience, NEVAREZ LAW hereby requests the Court supplement the record to include the DC Motion and DC Order, which are directly relevant to this Appeal, and are attached hereto as Exhibit Nos. 1-2.

### III.    CONCLUSION.

**WHEREFORE**, by reason of the foregoing, NEVAREZ LAW respectfully requests this Court grants this Second Motion, and supplements the record to include the DC Motion and DC Order.

July 12, 2017                              Respectfully submitted,

                                          THE NEVAREZ LAW FIRM, PC
                                          Attorneys and Counselors At Law
                                          P.O. Box 12247
                                          El Paso, Texas 79913
                                          Telephone: (915) 584-8000
                                          Facsimiles: (915) 584-8024
                                          Email: MRN@MRN4Law.com


                                          /s/ Michael R. Nevarez
                                          By: MICHAEL R. NEVAREZ
                                          State of Texas Bar No. 14933400

                                          Attorney for Appellant

5

## CERTIFICATE OF CONFERENCE

I, Michael R. Nevarez, counsel for NEVAREZ LAW in the foregoing matter, do hereby certify that the following is true and correct:

1.     On July 11, 2017, the undersigned sent, by email, a letter to counsel for the MONGES, E.P. Bud Kirk ("KIRK"), requesting a response no later than 3:00 PM, July 12, 2017, as a good faith attempt to meet and confer regarding this Second Motion, and to determine whether KIRK would oppose supplementing the record with the DC Motion and DC Order.

2.     After 4:00 PM on July 12, 2017, KIRK sent an untimely response to the undersigned, stating he would not consent to the filing of the Second Motion.

July 12, 2017                                    /s/ Michael R. Nevarez
                                                **MICHAEL R. NEVAREZ**

6

## CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limitation of Fed. R. App. P.

27(d)(2)(A) because:

THE MOTION CONTAINS (select one):

A.    __1,607__ words (excluding the accompanying documents, in

accordance with Fed. R. App. P. 27(a)(2)(B)), OR

B.    _____ lines of text in monospaced typeface.

2.    This motion complies with the typeface and type-style requirements of Fed.

R. App. P. 27(d)(1)(E), Fed. R. App. P. 32(a)(5), and Fed. R. App. P.

32(a)(6) because:

THE MOTION HAS BEEN PREPARED (select one):

A.    in proportionally spaced typeface using:

Software Name and Version: __Microsoft Word 2016__

in (Typeface Name and Font Size): __Times New Roman (14)__ OR

B.    in monospaced (nonproportionally spaced) typeface using:

Typeface name and number of characters per inch:

_____

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

7

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

**APPELLANT'S SECOND MOTION TO SUPPLEMENT THE RECORD** was

served on the persons listed below, in paper form via USPS Regular Mail, or in

electronic form using the Fifth Circuit Court of Appeals' CM/ECF filing system,

on July 12, 2017, as follows:

**COUNSEL FOR APPELLEES:**
E.P. Bud Kirk
600 Sunland Park Drive, Building 4, Suite 400
El Paso, TX 79912
Facsimile: 915-581-3452
Email: budkirk@aol.com

**TRUSTEE:**
Randolph N. Osherow
342 W. Woodlawn
San Antonio, TX 78212

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

8

# Appellant's Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| THE LAW OFFICES OF MICHAEL R. | § | |
| NEVAREZ, A PROFESSIONAL | § | |
| CORPORATION, d/b/a | § | |
| THE NEVAREZ LAW FIRM, PC | § | |
| | § | |
| **Appellant,** | § | |
| | § | |
| v. | § | CAUSE NO. 3:17-cv-00055-DB |
| | § | |
| JOE JESSE MONGE and | § | |
| ROSANA ELENA MONGE, | § | |
| | § | |
| **Appellees.** | § | |

## APPELLANT'S MOTION TO SUPPLEMENT THE RECORD

**TO THE HONORABLE DISTRICT JUDGE DAVID BRIONES:**

**NOW COMES** THE LAW OFFICES OF MICHAEL R. NEVAREZ, A

PROFESSIONAL CORPORATION (hereinafter referred to as "Appellant"), Appellant in the

above-styled and -numbered cause of action, by and through the undersigned counsel, and

hereby files this "Appellant's Motion To Supplement The Record" (hereinafter referred to as the

"Motion"), and in support of such Motion respectfully shows the Court the following:

## I.    INTRODUCTION.

1.    Appellant files this Motion seeking to supplement the record, for the reasons set

forth herein.

## II.    PROCEDURAL HISTORY.

2.    On February 26, 2016, in the United States Bankruptcy Court for the Western

District of Texas (hereinafter referred to as the "USBC"), in the underlying adversary

proceeding, *The Law Offices Of Michael R. Nevarez, A Professional Corporation, d/b/a The*

*Nevarez Law Firm, PC v. Joe Jesse Monge and Rosana Elena Monge*, Adversary Number 16-03009-hcm (hereinafter referred to as the "AP"), Appellant herein filed "Plaintiff's Original Complaint To Object To Dischargeability Of Debt, And The Discharge Of Debtors" (AP DOC# 1), objecting to (a) the dischargeability of outstanding debt of Three Hundred Eleven Thousand One Hundred Seventy-Seven Dollars and Ninety-Three Cents ($311,177.93), owed by Appellees JOE JESSE MONGE and ROSANA ELENA MONGE (hereinafter jointly referred to as "Appellees" and/or the "MONGES") to Appellant, and (b) the discharge of the MONGES.

3.       On August 26, 2016, in the AP, the MONGES filed the "Counterclaim Of Defendants Joe Jesse Monge And Rosana Elena Monge Against Plaintiff The Law Offices Of Michael R. Nevarez, A Professional Corporation, d/b/a The Nevarez Law Firm. P.C." (AP DOC# 30) (hereinafter referred to as the "Counterclaim"), averring, against Appellant, multiple counts for alleged Breach of Fiduciary Duty.

4.       Specifically, the Counterclaim contends Appellant's filing of Appellant's *qui tam* Complaint, before this Court, in the case of *Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*, Cause No. 3:1 5-cv-00297-DB (hereinafter referred to as the "RICO Case"), constituted a Breach of Fiduciary Duty, and a Violation of the Automatic Stay, purportedly because the RICO Case somehow prevented the MONGES from filing their own *qui tam* causes of action (AP DOC# 30, Pg. 7, ¶13), which the MONGES allege were assets of the MONGES' estate (AP DOC# 30, Pg. 8, ¶16).

5.       On October 3, 2016, Appellant filed, in the AP, "Plaintiff's Motion To Dismiss Counterclaim Of Defendants Joe Jesse Monge And Rosana Elena Monge Against Plaintiff The Law Offices Of Michael R. Nevarez, A Professional Corporation, d/b/a The Nevarez Law Firm,

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                                    Page 2 of 11

14 of 51

P.C." (AP DOC# 36) (hereinafter referred to as the "Motion To Dismiss"), seeking to dismiss the

Counterclaim for failure to state a claim (AP DOC# 36, Pgs. 3-25, ¶¶1-57), and for failure to

comply with mandatory arbitration provisions (AP DOC# 36, Pgs. 25-27, ¶¶58-63).

6.      On November 21, 2017, Appellant filed, in the AP, "Plaintiff's Motion For

Summary Judgment" (AP DOC# 55) (hereinafter referred to as the "Motion For Summary

Judgment"), seeking a take nothing summary judgment against the Counterclaim.

7.      On November 22, 2016, the USBC dismissed the Motion For Summary Judgment

(AP DOC# 56), without reviewing the merits of the Motion For Summary Judgment, claiming

(a) Appellant had already filed earlier motions "based on similar grounds", (b) the MONGES

should not have "to go through the time and expense of responding to" the Motion For Summary

Judgment, (c) Appellant had refused to comply with discovery requests, and (d) the Motion For

Summary Judgment was untimely filed.  (AP DOC# 56, Pg. 2).

8.      However, as discussed in "Appellant's Principal Brief" (ECF# 6) (hereinafter

referred to as the "Brief"), (a) Appellant had a right to file the Motion For Summary Judgment

particularly since no previous motion for summary judgment had been filed by Appellant, or

decided by the USBC, (ECF# 6, Pgs. 66-68, ¶¶133-134), (b) Appellant presented valid

arguments in the Motion For Summary Judgment, and was therefore entitled to a ruling on the

merits of the Motion For Summary Judgment, regardless of the MONGES' "time and expense"

responding to said motion (ECF# 6, Pgs. 67-68, ¶134), (c) Appellant was not obligated to

provide discovery documents to the MONGES, as the discovery should have been dismissed or

stayed in accordance with the mandatory arbitration provisions (ECF# 6, Pg. 68, ¶135), since a

pending "Plaintiff's Motion To Compel Arbitration, And Stay Proceedings Pending Arbitration"

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                                    Page 3 of 11

15 of 51

(AP DOC# 45), seeking to stay all proceedings, had been filed by Appellant, and (d) the Motion

For Summary Judgment was in fact timely filed within the deadline which the USBC had

previously set (ECF# 6, Pg. 69, ¶137); (ECF# 6-2, Pg. 21).

9.      Therefore, as discussed in Appellant's Brief, the USBC's failure and refusal to

rule on the merits of the Motion For Summary Judgment was error and an abuse of discretion.

(ECF# 6, Pgs. 66-69, ¶¶132-138).

10.      On November 28, 2016, the USBC granted in part and denied in part the Motion

To Dismiss.  (AP DOC# 62).  Specifically, the USBC dismissed eight of the nine counts in the

Counterclaim for failure to with mandatory arbitration provisions (AP DOC# 62, Pg. 13, ¶1)

(hereinafter referred to as the "Arbitrable Counts"), while denying the Motion To Dismiss as to

the MONGES' Count for Intentional Violation of the Automatic Stay (AP DOC# 62, Pg. 13, ¶2).

11.      However, as discussed in the Brief, the USBC should have dismissed the

MONGES' Count for Intentional Violation of the Automatic Stay, as (a) Appellant had a right to

file the RICO Case to assert its own causes of action (ECF# 6, Pgs. 41-50, ¶¶76-94) through

Appellant's interest in said causes of action, granted to Appellant by the MONGES (ECF# 6,

Pgs. 41-44, ¶¶76-82), and under the Tort of Another Theory of recovery (ECF# 6, Pgs. 44-49,

¶¶83-91), and (b) said Count is included within the scope of the mandatory arbitration provisions

(ECF# 6, Pgs. 50-58, ¶¶95-113).

12.      Therefore, as discussed in Appellant's Brief, the USBC's failure and refusal to

dismiss the MONGES' Count for Intentional Violation of the Automatic Stay was error and an

abuse of discretion.  (ECF# 6, Pgs. 40-58, ¶¶75-113).

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                                   Page 4 of 11

16 of 51

13.     On February 10, 2017, in the AP, Appellant herein filed "Plaintiff's Notice Of Appeal (DOC## 15, 24, 40, 56, 60, 61, 62, 73, 86, 90, and 91)" (ECF# 1-3) (hereinafter referred to as the "Notice Of Appeal"), appealing to this Court.

14.     On March 27, 2017, Appellant filed the Brief.

15.     On May 12, 2017, the MONGES filed "Appellees' Brief" (ECF# 15).

16.     On May 25, 2017, this Court, in the RICO Case, filed an order unsealing all documents in the RICO Case.  (RICO Case DOC# 107).

17.     On May 26, 2017, Appellant filed "Appellant's Reply Brief" (ECF# 16).

## III.     ARGUMENTS.

**A.     The Recently Unsealed Documents In The RICO Case Are Directly Relevant To This Appeal.**

18.     The recently unsealed documents in the RICO Case are directly relevant to this Appeal, as they reveal and confirm (a) the MONGES never had a valid *qui tam* cause of action, and (b) the USBC improperly and unlawfully ordered Appellant to produce the sealed documents to the MONGES (ECF# 6, Pg. 75, ¶150).

19.     Specifically, on December 4, 2015, in the RICO Case, the United States of America filed "United States' First Application For Extension Of Time To Intervene" (RICO Case DOC# 6) (hereinafter referred to as the "Application") and the "Ex Parte Memorandum In Support Of United States' First Application For Extension Of Time To Intervene" (RICO Case DOC# 6-1) (hereinafter referred to as the "Memorandum"), requesting an extension of the time to intervene in the RICO Case, as the United States of America had recently "contacted the Department of Housing and Urban Development to determine whether, in fact, the United States

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                                Page 5 of 11

17 of 51

has incurred any liability on the loan at issue" (RICO Case DOC# 6-1, Pg. 4, n. 2).  For the Court's convenience, true and correct copies of the Application and Memorandum are attached hereto as Exhibits A and B, respectively.

20.    Additionally, the Memorandum confirmed the RICO Case, filed as a *qui tam*, had to "be filed in camera, where it remains under seal until the Court lifts the seal and orders the complaint to be served on the defendant."  (RICO Case DOC# 6-1, Pg. 3) (citing 31 U.S.C. §3730(b)(2)) (underlining in original); (*see also* Exhibit B, Pg. 4).  Thus, the Memorandum confirmed and highlighted why Appellant could not produce the sealed documents to the MONGES.  (ECF# 6, Pg. 75, ¶150).

21.    Subsequently, on April 21, 2016, in the RICO Case, Appellant herein filed "Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint" (RICO Case DOC# 14) (hereinafter referred to as the "Motion For Leave"), stating that the undersigned counsel had "been in communication with Mr. John LoCurto, Assistant United States Attorney for the Western District of Texas, regarding [the RICO Case]", who "indicated to the undersigned that after investigation of the matters herein, the USA will probably decline to intervene and take over the *qui tam* causes of action asserted under 31 U.S.C. §S3729-3730, as **the mortgage at issue in the Complaint was not federally insured**, even though the mortgage loan application had sought a federally insured loan."  (RICO Case DOC# 14, Pg. 3, ¶6) (emphasis added).  A true and correct copy of the Motion For Leave is attached hereto as Exhibit C.

22.    Accordingly, the recently unsealed documents in the RICO Case confirm the MONGES never had a valid *qui tam* cause of action, as the United States of America determined

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                    Page 6 of 11

18 of 51

"the mortgage at issue in the Complaint was not federally insured".[1]

23.     As the MONGES never had a valid *qui tam* cause of action, Appellant's filing of the RICO Case had absolutely no impact on any asset of the MONGES or their estate.  The MONGES thus never could have asserted a valid Counterclaim against the Appellant herein, and therefore the USBC should have granted the Motion To Dismiss and/or the Motion For Summary Judgment.

**B.     The Recently Unsealed Documents In The RICO Case Were Not Included In The Record For This Appeal.**

24.     On February 24, 2017, Appellant herein filed, in the AP, "Appellant's Designation For Appeal (DOC## 15, 24, 40, 56, 60, 61, 62, 73, 86, 90, and 91)" (AP DOC# 101) (hereinafter referred to as the "Designation"), which included, in the record for this Appeal, "all unsealed documents" filed in the RICO Case.  (AP DOC# 101, Pg. 3, ¶J).

25.     The recently unsealed documents in the RICO Case were not included in the record for this Appeal, as said documents remained under seal at the time of the filing of the Designation, and therefore could not be lawfully produced for the record.  However, as discussed above, said documents are directly relevant to this Appeal, as they reveal and confirm the MONGES never had a valid *qui tam* cause of action.

**C.     The Court Should Supplement The Record To Include The Recently Unsealed Filings In The RICO Case.**

---

[1]  As noted in the Brief, Motion To Dismiss, and Motion For Summary Judgment, the MONGES have never identified what fraud or false statements form the basis of their alleged *qui tam* causes of action.  (ECF# 6, Pg. 68, ¶136); (AP DOC# 36, Pg. 10, ¶16); (AP DOC# 55, Pg. 7, ¶10).  To this day, it remains unknown whether the MONGES' Counterclaim and their Count for Intentional Violation of the Automatic Stay is based on fraud and false statements associated with federally insured loans, Medicaid, Medicare, Social Security, or federal contracts.  In any case, as the United States of America has established that there was no valid *qui tam* cause of action in the RICO Case, the filing of the RICO Case could have had no effect on the MONGES' alleged *qui tam* causes of action.

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                                Page 7 of 11

19 of 51

26.     As discussed above, the recently unsealed documents in the RICO Case were not included in the record for this Appeal, as said documents were sealed at the time the record was produced.  However, said documents are now unsealed and directly relevant to this Appeal.

27.     The Fifth Circuit has repeatedly held "[a] court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom."  *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410 (5th Cir. 2010) (quoting *In re Missionary Baptist Found. of Am., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983)).

28.     Accordingly, for the Court's convenience, Appellant hereby requests the Court supplement the record, to include certain documents filed in the RICO Case, which are directly relevant to this Appeal.

29.     True and correct copies of the relevant filings in the RICO Case are attached hereto as Exhibits A-C.

30.     Therefore, for the Court's convenience, Appellant hereby requests the Court supplement the record to include the filings in the RICO Case, which are attached hereto as Exhibits A-C.

## IV.     PRAYER.

**WHEREFORE,** Appellant prays the Court grants the Motion, supplements the record to include the recently unsealed filings in the RICO Case, and for such other and further relief to which Appellant may be justly entitled.

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                              Page 8 of 11

20 of 51

June 7, 2017                          Respectfully submitted,

                                     THE NEVAREZ LAW FIRM, PC

                                     Attorneys and Counselors At Law
                                     P.O. Box 12247
                                     El Paso, Texas 79913
                                     Telephone: (915) 584-8000
                                     Facsimiles: (915) 584-8024


                                     /s/ Michael R. Nevarez
                                     **MICHAEL R. NEVAREZ**
                                     State Bar No. 14933400


                                     Attorney for Appellant

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                    Page 9 of 11

21 of 51

## CERTIFICATE OF CONFERENCE

I, Michael R. Nevarez, counsel for Appellant in the foregoing matter, do hereby certify that the following is true and correct:

1.      On June 6, 2017, the undersigned sent, by email, a letter to counsel for the MONGES, E.P. Bud Kirk (hereinafter referred to as "KIRK"), as a good faith attempt to meet and confer regarding this Motion, and to determine whether KIRK would oppose said Motion.

2.      On June 7, 2017, KIRK sent, by email, a letter to the undersigned stating he is opposed to the Motion.

June 7, 2017                                    /s/ Michael R. Nevarez
                                                **MICHAEL R. NEVAREZ**

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                    Page 10 of 11

22 of 51

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **APPELLANT'S MOTION TO SUPPLEMENT THE RECORD**, with all supporting attachments, exhibits, and affidavits referenced therein, if any, was served either by regular first class mail, postage prepaid, and/or by eFiling via an Electronic Filing Service Provider, and/or via facsimile, to the following parties in interest, on this June 7, 2017:

**COUNSEL FOR APPELLEES:**
E.P. Bud Kirk
600 Sunland Park Drive, Building 4, Suite 400
El Paso, TX 79912
Facsimile: 915-581-3452
Email: budkirk@aol.com

**TRUSTEE:**
Randolph N. Osherow
342 W. Woodlawn
San Antonio, TX 78212

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                    Page 11 of 11

23 of 51

# Appellant's

# Exhibit A



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

DEC 04 2015

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| ex rel. Nevarez Law Firm, P.C., | § | |
| NEVAREZ LAW FIRM, P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. No. EP:15-cv-0297-DB *SEALED* |
| | § | |
| DONA ANA TITLE COMPANY, et al., | § | FILED UNDER SEAL |
| | § | AND IN CAMERA |
| Defendants. | § | |

**UNITED STATES' FIRST APPLICATION
FOR EXTENSION OF TIME TO INTERVENE**

The United States applies pursuant to 31 U.S.C. § 3730(b)(3) for a three-month extension
of the period during which the government may investigate and elect to intervene in this qui tam
action. This is the government's first request for an extension. The request is timely because the
current statutory deadline for the government to intervene expires on December 7, 2015, at the
earliest. Relator consents to a three-month extension of the intervention period.

The United States submits that good cause exists for a three-month extension of the
deadline to intervene – from December 7, 2015 to March 7, 2016 – and requests that this case
remain sealed while the government conducts its investigation.

The United States has filed a Memorandum and Proposed Order in support of this
application. To preserve the integrity of the investigation, the United States has filed the
Memorandum ex parte under 31 U.S.C. § 3730(b)(3), and has not served a copy on the relator.

Date: December 3, 2015                    Respectfully submitted,

                                          RICHARD L. DURBIN, JR.
                                          United States Attorney

                              By:

                                          JOHN J. LoCURTO
                                          Assistant United States Attorney
                                          Texas Bar No. 24073750
                                          601 N.W. Loop 410, Suite 600
                                          San Antonio, Texas  78216
                                          Tel:  (210) 384-7362
                                          Fax:  (210) 384-7322
                                          Email:  john.locurto@usdoj.gov

                                          *Attorneys for the United States of America*


### CERTIFICATE OF SERVICE

I certify that, on December 3, 2015, I caused the United States' First Application for an

Extension of Time to Intervene and Proposed Order to be served on relator's counsel, Michael R.

Nevarez, via electronic mail.

                                          JOHN J. LoCURTO
                                          Assistant United States Attorney


                                                                                    2



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA          §
ex rel. Nevarez Law Firm, P.C.,   §
NEVAREZ LAW FIRM, P.C.,           §
                                  §
              Plaintiff,          §
                                  §
      v.                          §      Civ. No. EP:15-cv-0297-DB *SEALED*
                                  §
DONA ANA TITLE COMPANY, et al.,   §      SEALED ORDER
                                  §
              Defendants.         §

**ORDER GRANTING EXTENSION OF TIME TO INTERVENE**

The Court, having reviewed the United States' First Application for Extension of Time to

Intervene, and having noted that relator consents to the extension, finds good cause to extend the

intervention period under 31 U.S.C. § 3730(b)(3), and for continuing the seal while the United

States investigates and determines whether to intervene in this case.  Accordingly, it is hereby:

ORDERED that the United States' First Application for Extension of Time to Intervene

is GRANTED.  The United States shall have until March 7, 2016, to file a notice informing the

Court as to how it intends to proceed in this action.

ORDERED that the Complaint and all other filings in this Action, including this Order,

shall remain UNDER SEAL until further order of this Court.

SIGNED on December ___, 2015.


                                        _____
                                        HON. DAVID BRIONES
                                        UNITED STATES DISTRICT JUDGE

# Appellant's

# Exhibit B



# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| ex rel. Nevarez Law Firm, P.C., § | |
| NEVAREZ LAW FIRM, P.C., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **Civ. No. EP:15-cv-0297-DB *SEALED*** |
| § | |
| DONA ANA TITLE COMPANY, et al., § | **FILED UNDER SEAL** |
| § | **AND IN CAMERA** |
| Defendants. § | |

## EX PARTE MEMORANDUM IN SUPPORT OF UNITED STATES' FIRST APPLICATION FOR EXTENSION OF TIME TO INTERVENE

This is a qui tam action in which the relator, the Nevarez Law Firm, P.C. ("relator"), has filed a 320-page Complaint for the United States alleging that the defendants engaged in a fraudulent real estate transaction involving property located in New Mexico. By law, the United States has 60 days to decide whether to intervene in and assume control of this action. The current deadline to intervene expires, at the earliest, on December 7, 2015. This deadline may be extended for good cause.

Several of the defendants in this action are under criminal investigation by the El Paso U.S. Attorney's Office and Federal Bureau of Investigation for mortgage fraud and related offenses. The criminal investigation is both broader and may encompass more transactions and parties than this qui tam action. Although the investigation is in its early stages, the FBI may pursue covert measures and operations. At this time, an overt civil inquiry into the relator's claims would likely jeopardize the FBI's ability to develop and execute a plan to investigate the

alleged fraud.  At present, the criminal team cannot estimate how long it will take to complete the covert phase of its investigation.[1]

The United States respectfully requests a three-month extension of the intervention deadline so that the criminal investigation can proceed without the disruption of civil investigation, litigation, and discovery.  Once the three-month period is over, the United States should be in a better position to determine how to proceed, whether by requesting a stay of this civil action in deference to ongoing law enforcement operations, or seeking a further extension of the seal to allow for parallel civil and criminal inquiries.

The United States is mindful of the Court's docket and preference for prompt disposition of civil cases.  The government respectfully submits that, in this instance, the public interest in allowing law enforcement to proceed unhindered outweighs the civil pecuniary interests raised in this qui tam action.  See Cambpell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962).

For these reasons, the United States respectfully requests an initial three-month extension of the deadline to intervene, from December 7, 2017 to March 7, 2016.  The complaint should remain under seal while the United States investigates.   Relator consents to a three-month extension of the intervention deadline and seal.

## DISCUSSION

### A.    The False Claims Act

The qui tam provision of the False Claims Act allows a private person – called a relator – to bring a civil lawsuit on behalf of the United States.  31 U.S.C. § 3730(b).  A relator's complaint "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be

---

[1] Assistant United States Attorney Debra Kanof and FBI Special Agent James Griego are leading the criminal investigation.  If the Court desires additional information about the criminal investigation, the United States will arrange for AUSA Kanof or Agent Griego to make an ex parte presentation to the Court in accordance with 31 U.S.C. § 3730(b)(3).

2

served on the defendant until the court so orders." Id. § 3730(b)(2).  A relator must immediately

serve the complaint on the United States, along with a written disclosure of substantially all the

material evidence and information in her possession.  Id.  The United States "may elect to

intervene and proceed with the action within 60 days after it receives both the complaint and the

material evidence and information." Id.   This 60-day intervention period may be extended for

good cause.  Id. §3730(b)(3).  The intervention period is intended to give the United States an

opportunity to evaluate the relator's allegations, investigate the facts, and determine whether the

government should intervene and prosecute the action against the defendant.  Id. § 3730(a)-(c).

    A qui action must be filed in camera, where it remains under seal until the Court lifts the

seal and orders the complaint to be served on the defendant.  Id. § 3730(b)(2).  The purpose of

the seal is to protect the government's ability to investigate the alleged fraud.  See American

Civil Liberties Union v. Holder, 652 F. Supp. 2d 654, 664 (E.D. Va. 2009), aff'd, 673 F.3d 245

(4th Cir. 2011).  The seal prevents premature disclosure of information that might expose

pending law enforcement operations and gives the government "an adequate opportunity to fully

evaluate the [relator's] private enforcement suit and determine both if that suit involves matters

the Government is already investigating and whether it is in the Government's interest to

intervene and take over the civil action." S. Rep. 99-345, at 23-24 (1986), as reprinted in 1986

U.S.C.C.A.N. 5266, 5288-90, 1986 WL 31937 (1986).

**B.**     **Good Cause Exists for a Three-Month Extension of the Intervention Period**

    This case involves allegations that the defendants orchestrated a real estate swindle

involving a property located in Santa Teresa, New Mexico.  The relator, an attorney who

formerly represented the victims of the alleged fraud, contends that defendants engaged in

fraudulent conduct here in the Western District of Texas.  He suggests that the United States has

3

been damaged because the defendants' false statements caused the United States to insure a loan that should not have been issued. (Dkt. #1 at 285 ¶ 291 to 311 ¶ 378.) Relator asserts claims under the False Claims Act, 31 U.S.C. §§ 3729 to 3733, as well as a litany of other statutes and causes of action, including civil RICO.[2]

Relator filed his Complaint on October 7, 2015, and served the United States Attorney's Office that same day. (Dkt. #1.) Thus, the statutory 60-day deadline for the government to elect whether to intervene expires on December 7, 2015, at the earliest. Because the United States filed this request before the intervention period ended, the request is timely under Rule CV-7(d).

The allegations set forth in relator's Complaint are under review by the Criminal Division and the FBI in El Paso. The criminal investigation is not, however, bound by the relator's pleading. That investigation is broader than the relator's allegations and may encompass different parties, transactions, properties and offenses.

The United States seeks a three-month extension to accommodate the criminal investigation. Once the extension period has ended, the government should be in a better position to report on several issues, including whether this civil case should be stayed in deference to ongoing law enforcement operations or whether the investigation of the relator's claims can proceed; how long we anticipate it will take to investigate the relator's claims; and the investigative progress that has been made to that point.

---

[2]Although we seek a three-month extension to accommodate the criminal investigation, the Civil Division has (1) contacted the Department of Housing and Urban Development to determine whether, in fact, the United States has incurred any liability on the loan at issue, (2) begun evaluating the source of the allegations in the qui tam action and the relator's standing to file the suit, and (3) started evaluating the causes of action the relator has asserted to determine whether they can be pursued in tandem with claims under the False Claims Act. The United States will continue to pursue these issues internally during the requested extension period.

4

The public interest weighs in favor of prioritizing the criminal investigation over this
civil action.  As the Fifth Circuit has observed:

> There is a clearcut distinction between private interests in civil
> litigation and the public interest in a criminal prosecution, between
> a civil trial and a criminal trial, and between the Federal Rules of
> Civil Procedure and the Federal Rules of Criminal Procedure. . .
> The very fact that there is clear distinction between civil and
> criminal actions requires a government policy determination of
> priority:  which case should be tried first.  Administrative policy
> gives priority to the public interest in law enforcement.  This seems
> so necessary and wise that a trial judge should give substantial
> weight to it in balancing the policy against the right of a civil
> litigant to a reasonably prompt determination of his civil claims or
> liabilities.

Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962).   Although prompt adjudication of this

civil action is also in the public interest, policy still weighs in favor of allowing the criminal

investigation to take priority.  This is especially true where, as here, the criminal inquiry may

lead to other subjects or targets beyond the defendants in the qui tam complaint.

C.     **This Case Should Remain Under Seal While the Government Investigates**

Generally speaking, a qui tam suit remains under seal while the government conducts its

investigation.  United States v. Bon Secours Cottage Health Servs., 665 F. Supp. 2d 782, 784

(E.D. Mich. 2008).  The seal in this case should remain in place to ensure that the government's

criminal investigation is not compromised.  Extending the seal will enhance the government's

ability to investigate and make an informed decision about how to proceed.  "Such a pre-suit

investigation is particularly critical before alleging fraud."  American Civil Liberties Union v.

Holder, 673 F.3d 245, 253 (4th Cir. 2011).

5

## CONCLUSION

The public interest favors an extension so that the United States can evaluate this case criminally and make fully informed decisions about how to proceed.  Although we anticipate that an extension will give the United States an opportunity to make some progress, the government's investigation is likely to take more time to complete.  The United States should be in a better position, at the end of the three-month period, to advise the Court about how it intends to move forward.  Should the determination be made to seek a stay of this action in deference to ongoing law enforcement operations, we will promptly notify the court and file an appropriate application.  In the interim, if the Court desires additional information about this case or the criminal investigation, the United States stands ready to provide such information in camera in accordance with the False Claims Act, 31 U.S.C. § 3730(b)(3).

Date:  December 3, 2015

Respectfully submitted,

RICHARD L. DURBIN, JR.
United States Attorney

By:

JOHN J. LoCURTO
Assistant United States Attorney
Texas Bar No. 24073750
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216
Tel:  (210) 384-7362
Fax:  (210) 384-7322
Email:  john.locurto@usdoj.gov

*Attorneys for the United States of America*

6

# Appellant's
# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2016 APR 21   PM 1: 50

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA §<br>  ex rel. NEVAREZ LAW FIRM, PC, §<br>NEVAREZ LAW FIRM, PC, §<br> §<br>    PLAINTIFFS, §<br> §<br>v. §<br> §<br>DONA ANA TITLE COMPANY, §<br>STEVE PARSLEY, §<br>SHAWNA BLOUNT f/k/a SHAWNA GONZALES, §<br>JACQUE SELBY, §<br>FIRST AMERICAN TITLE GUARANTY COMPANY §<br>  f/k/a UNITED GENERAL TITLE INSURANCE §<br>  COMPANY, §<br>FIRST AMERICAN TITLE INSURANCE COMPANY, §<br>FIRST AMERICAN FINANCIAL CORPORATION, §<br>ARACELI HERRERA, §<br>TOMASA R. ROJAS, §<br>  a/k/a Tomasa Rojas, §<br>  a/k/a Tomasa Rodriguez, §<br>  a/k/a Tomasa Rodriguez Rojas, §<br>  a/k/a Tomasa R. De Rojas, §<br>  a/k/a Tomasa R. Derojas, §<br>  a/k/a Tomasa R. Rodriguez, §<br>  a/k/a Tomasa Rodriguez Deroja, §<br>  a/k/a Tomasa Rodriguezderoja, §<br>  a/k/a Tomasa Rodriguez Derojas, §<br>  a/k/a Tomasa Rodriguezderojas, §<br>  a/k/a Tomasa Rodriguez-Deroja, §<br>  a/k/a Tomasa Rodriguez-Derojas, §<br>JOSE LUIS ROJAS, §<br>JOSE LUIS ROJAS, §<br>  a/k/a JOSE ROJAS, §<br>  a/k/a JOSE RODRIGUEZ, §<br>  a/k/a JOSE LUIS RODRIGUEZ, §<br>  a/k/a JOSE L ROJAS, §<br>ARTEMIO JAYME, §<br>VIVIANA JAYME, §<br>MARCO AURELIO JAYME, §<br>PAUL JAYME, §<br>MARIANA JAYME, §<br>GABRIELA JAYME, § | CAUSE NO. 3:15-cv-00297-DB<br><br>FILED UNDER SEAL<br>AND IN CAMERA |

TATIANA JAYME,                              §
ZACOUR & ASSOCIATES, INC.,                 §
PAUL G. ZACOUR,                            §
BANK OF AMERICA CORPORATION,               §
COUNTRYWIDE HOME LOANS, INC., and          §
COUNTRYWIDE HOME LOANS, INC.               §
   d/b/a AMERICA'S WHOLESALE LENDER,    §
                                           §
   DEFENDANTS.                          §



## PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE DISTRICT COURT JUDGE DAVID BRIONES:**

     **NOW COMES** the NEVAREZ LAW FIRM, PC, Plaintiff in the above-styled and numbered cause of action (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby files this "Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint" (hereinafter referred to as the "Motion"), and in support of such motion respectfully shows the Court the following:

### I.     INTRODUCTORY STATEMENT.

   1.     Plaintiff seeks leave to file "Plaintiff's First Amended Complaint" (hereinafter referred to as the "First Amended Complaint") under seal.

### II.     PROCEDURAL HISTORY.

   2.     On October 7, 2015, Plaintiff filed "Plaintiff's Original Complaint" (DOC# 1) (hereinafter referred to as the "Complaint"). The Complaint seeks to recover damages for attorney fees and costs incurred, by Plaintiff, in representing JOE MONGE and ROSANA MONGE (a) in litigation against ALICIA ROJAS and FRANCISCO JAVIER JAYME, and (b) the preparation and filing of a lawsuit by JOE MONGE and ROSANA MONGE against Defendants DONA ANA TITLE COMPANY, *et al.* (hereinafter referred to as "Defendants").

Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 2 of 8

37 of 51

3.       To recover Plaintiff's damages, Plaintiff's Complaint asserts (a) Federal causes of action under The Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961, and 18 U.S.C. §1964 (DOC# 1, Pages 126-282, Paragraphs 269-282), and (b) supplemental causes of action based on Texas state law.  (DOC# 1, Pages 105-126, Paragraphs 251-268).

4.       Plaintiff's Complaint also alleged *qui tam* causes of action under 31 U.S.C. §§3729-3730, brought on behalf of Plaintiff UNITED STATES OF AMERICA (hereinafter referred to as the "USA").  (DOC# 1, Pages 309-311, Paragraphs 377-378).

5.       No responsive pleading has been filed.

## III.       ARGUMENT.

### A.   Plaintiff Will No Longer Pursue The *Qui Tam* Causes Of Action Under 31 U.S.C. §§3729-3730.

6.       Over the course of the past few months, the undersigned has been in communication with Mr. John LoCurto, Assistant United States Attorney for the Western District of Texas, regarding this case.  Mr. LoCurto has indicated to the undersigned that after investigation of the matters herein, the USA will probably decline to intervene and take over the *qui tam* causes of action asserted under 31 U.S.C. §§3729-3730, as the mortgage at issue in the Complaint was not federally insured, even though the mortgage loan application had sought a federally insured loan.

7.       On April 20, 2016, the undersigned contacted Mr. LoCurto to meet and confer regarding this matter, and the filing of this Motion.  Mr. LoCurto advised he would be calling the undersigned this morning, but has not as of the filing of this Motion.

Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                Page 3 of 8

38 of 51

8.        Therefore, after consultation with the Office of the United States Attorney for the Western District of Texas, Plaintiff has decided to no longer pursue the *qui tam* causes of action asserted under 31 U.S.C. §§3729-3730.

**B.    The First Amended Complaint Is Necessary To Remove The *Qui Tam* Causes Of Action, And The USA As Plaintiff Herein.**

9.        Plaintiff is allowed "to file one amended complaint as a matter of right when the defendants have not filed a responsive pleading." *Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001).

10.        Additionally, the Court should freely grant leave for Plaintiff to amend the Complaint. Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."); *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016) ("Leave to amend should be freely give[n] . . . when justice so requires.") (quoting Fed. R. Civ. P. 15(a)(2), internal quotation marks omitted); *Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) ("Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend.") (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)).

11.        Accordingly, Plaintiff herewith submits the First Amended Complaint to remove the *qui tam* causes of action under 31 U.S.C. §§3729-3730, and the USA as a plaintiff in this case.  The First Amended Complaint makes the following changes to the Complaint:

        a.        Removes the *qui tam* causes of action under 31 U.S.C. §§3729-3730;

        b.        Removes the USA as a plaintiff in the above-styled and numbered cause

Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB                    Page 4 of 8

39 of 51

of action;

c.    Adds further specificity and clarity as to Plaintiff's standing; and,

d.    Adds further specificity and clarity as to Plaintiff's damages.

12.    A copy of said First Amended Complaint, with the proposed changes redlined, is attached hereto as Exhibit A, in order to make the changes readily apparent to the Court.

13.    The proposed First Amended Complaint is attached hereto as Exhibit B.

**C.    The First Amended Complaint Is Necessary, As The Statute Of Limitations To File The Racketeering Causes Of Action, Filed In The Complaint, Has Passed.**

14.    As discussed in the Complaint, the causes of action dealing with the agreements and contracts related to the Thoroughbred Property were inherently undiscoverable due to the fraud and/or the fraudulent concealment of material facts by Defendants herein, until March of 2012.  (DOC# 1, Pages 104-105, Paragraphs 249-250).

15.    Upon information and belief, the statute of limitations on Plaintiff's causes of action arising under The Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961, and 18 U.S.C. §1964, expired in March of 2016.

16.    Plaintiff has conducted a good faith and due diligent search for a RICO case filed, by JOE MONGE and ROSANA MONGE, against Defendants herein.  Based upon information and belief, JOE MONGE and ROSANA MONGE have not timely filed a RICO case against Defendants.  Additionally, JOE MONGE and ROSANA MONGE's bankruptcy attorney, Mr. E.P. Bud Kirk, has stated JOE MONGE and ROSANA MONGE, who are retired, have grown weary of litigation, and have decided instead to spend their remaining years with affordable

Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 5 of 8

40 of 51

shelter of their own around them.

17.      Therefore, the Court should grant Plaintiff leave to file the First Amended

Complaint, as justice so requires, because Plaintiff would be unable to file a separate RICO case

against Defendants, due to the possible running of the statute of limitations, should Plaintiff's

RICO causes of action be dismissed along with the *qui tam* causes of action under 31 U.S.C.

§§3729-3730.

**D.      Plaintiff Is Able To Conduct The Action.**

18.      The False Claims Act holds that "[b]efore the expiration of the 60-day period or

any extensions obtained under paragraph (3), the Government shall (A) proceed with the action,

in which case the action shall be conducted by the Government; or (B) notify the court that it

declines to take over the action, in which case the person bringing the action shall have the right

to conduct the action." 31 U.S.C. §3730(b)(4)(A)-(B).

19.      As the USA will probably notify this Court that it will decline to take over the *qui

tam* action asserted herein, Plaintiff has the right to conduct the remainder of this case, and

remove the USA as a plaintiff in this case. 31 U.S.C. §3730(b)(4)(A)-(B)

20.      As discussed above, no responsive pleading has been filed in this case, and this

Motion is not offered for purposes of delay, but is requested in the interests of justice and fair

play. Thus, the Court should grant Plaintiff leave to file the First Amended Complaint.

## IV.      PRAYER.

**WHEREFORE,** Plaintiff prays that the Court grants this Motion, and issues the attached

Order granting Plaintiff leave to file the First Amended Complaint.

Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 6 of 8     41 of 51

April 21, 2016

Respectfully submitted,

**THE LAW OFFICES OF MICHAEL R. NEVAREZ**

A Professional Corporation

5915 Silver Springs Drive
Building 6, Suite B
El Paso, Texas  79912
Telephone: (915) 584-8000
Facsimile:  (915) 584-8024

/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**
State Bar No. 14933400

Attorney for Plaintiff

Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 7 of 8        42 of 51

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION**

**FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT**, with all

supporting attachments, exhibits, and affidavits referenced therein, if any, was served by regular

first class mail, postage prepaid, to the following parties in interest, on this April 21, 2016:


**ATTORNEY GENERAL OF THE UNITED STATES:**
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**UNITED STATES ATTORNEY FOR THE WESTERN
DISTRICT OF TEXAS:**
United States Attorney for the Western District of Texas
700 East San Antonio Avenue, Suite 200
El Paso, TX 7990


/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 8 of 8

43 of 51

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|    ex rel. NEVAREZ LAW FIRM, PC, | § | |
| NEVAREZ LAW FIRM, PC, | § | |
| | § | |
|    PLAINTIFFS, | § | |
| v. | § | CAUSE NO. 3:15-cv-00297-DB |
| | § | |
| DONA ANA TITLE COMPANY, | § | |
| STEVE PARSLEY, | § | |
| SHAWNA BLOUNT f/k/a SHAWNA GONZALES, | § | |
| JACQUE SELBY, | § | |
| FIRST AMERICAN TITLE GUARANTY COMPANY | § | |
|    f/k/a UNITED GENERAL TITLE INSURANCE | § | |
|    COMPANY, | § | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | § | |
| FIRST AMERICAN FINANCIAL CORPORATION, | § | |
| ARACELI HERRERA, | § | |
| TOMASA R. ROJAS, | § | |
|    a/k/a Tomasa Rojas, | § | |
|    a/k/a Tomasa Rodriguez, | § | |
|    a/k/a Tomasa Rodriguez Rojas, | § | |
|    a/k/a Tomasa R. De Rojas, | § | |
|    a/k/a Tomasa R. Derojas, | § | |
|    a/k/a Tomasa R. Rodriguez, | § | |
|    a/k/a Tomasa Rodriguez Deroja, | § | |
|    a/k/a Tomasa Rodriguezderoja, | § | |
|    a/k/a Tomasa Rodriguez Derojas, | § | |
|    a/k/a Tomasa Rodriguezderojas, | § | |
|    a/k/a Tomasa Rodriguez-Deroja, | § | |
|    a/k/a Tomasa Rodriguez-Derojas, | § | |
| JOSE LUIS ROJAS, | § | |
| JOSE LUIS ROJAS, | § | |
|    a/k/a JOSE ROJAS, | § | |
|    a/k/a JOSE RODRIGUEZ, | § | |
|    a/k/a JOSE LUIS RODRIGUEZ, | § | |
|    a/k/a JOSE L ROJAS, | § | |
| ARTEMIO JAYME, | § | |
| VIVIANA JAYME, | § | |
| MARCO AURELIO JAYME, | § | |
| PAUL JAYME, | § | |
| MARIANA JAYME, | § | |
| GABRIELA JAYME, | § | |

RECEIVED

APR 21 2016

CLERK U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

NATHAN G. TRUE,                                    §
ZACOUR & ASSOCIATES, INC.,                         §
NATHAN G. ZACOUR,                                  §
BANK OF AMERICA CORPORATION,                       §
COUNTRYWIDE HOME LOANS, INC., and                  §
COUNTRYWIDE HOME LOANS, INC.                       §
    d/b/a AMERICA'S WHOLESALE LENDER,              §
                                                   §
DEFENDANTS.                                        §

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT

After considering "Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint", the Court is of the opinion that the Motion should be granted as set forth below, and enters the following Order:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that "Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint" is GRANTED.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff may forthwith file "Plaintiff's First Amended Complaint".

**IT IS SO ORDERED.**

# # #

SIGNED on _____, 2016.


_____
**DAVID BRIONES**
**UNITED STATES DISTRICT JUDGE**

Order Granting Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB

Page 2 of 3

45 of 51

PREPARED BY:
Michael R. Nevarez
The Law Offices of Michael R. Nevarez
A Professional Corporation
5915 Silver Springs, Building 6, Suite B
El Paso, Texas 79912
Telephone: (915) 584-8000
Facsimile:  (915) 584-8024
Email: MNevarez@LawOfficesMRN.com
Attorney for Plaintiff

Order Granting Plaintiff's Motion For Leave To File Plaintiff's First Amended Complaint
*USA ex rel. Nevarez Law Firm, PC v. Dona Ana Title Company, et al.*
USDC-WDTX, El Paso Division, Cause Number 3:15-cv-00297-DB     Page 3 of 3     46 of 51

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **THE LAW OFFICES OF MICHAEL R.** | § | |
| **NEVAREZ, A PROFESSIONAL** | § | |
| **CORPORATION, d/b/a** | § | |
| **THE NEVAREZ LAW FIRM, PC** | § | |
| | § | |
| **Appellant,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:17-cv-00055-DB** |
| | § | |
| **JOE JESSE MONGE and** | § | |
| **ROSANA ELENA MONGE,** | § | |
| | § | |
| **Appellees.** | § | |

## ORDER GRANTING APPELLANT'S MOTION TO SUPPLEMENT THE RECORD

After considering "Appellant's Motion To Supplement The Record", and the pleadings filed by the Appellees, and the statements and arguments of counsel, the Court is of the opinion that the Motion should be granted as set forth below, and enters the following Orders:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that "Appellant's Motion To Supplement The Record" is GRANTED.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the record in this Appeal be SUPPLEMENTED to include the documents attached to "Appellant's Motion To Supplement The Record" as Exhibits A, B, and C.

**IT IS SO ORDERED.**

**# # #**

SIGNED on _____, 2017.


_____
**DAVID BRIONES**
**UNITED STATES DISTRICT JUDGE**


PREPARED BY:
Michael R. Nevarez
The Nevarez Law Firm, PC
Attorneys and Counselors At Law
P.O. Box 12247
El Paso, Texas 79913
Telephone: (915) 584-8000
Facsimiles: (915) 584-8024
Email: MNevarez@LawOfficesMRN.com

Order Granting Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                                    Page 2 of 2

48 of 51

# Appellant's Exhibit 2



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THE LAW OFFICES OF MICHAEL R. NEVAREZ, A PROFESSIONAL CORPORATION, d/b/a THE NEVAREZ LAW FIRM, PC | § § § § § | |
| Appellant, | § § | |
| v. | § § | CAUSE NO. 3:17-cv-00055-DB |
| JOE JESSE MONGE and ROSANA ELENA MONGE, | § § § | |
| Appellees. | § § | |

## ORDER GRANTING APPELLANT'S MOTION TO SUPPLEMENT THE RECORD

After considering "Appellant's Motion To Supplement The Record", and the pleadings filed by the Appellees, and the statements and arguments of counsel, the Court is of the opinion that the Motion should be granted as set forth below, and enters the following Orders:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that "Appellant's Motion To Supplement The Record" is GRANTED.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the record in this Appeal be SUPPLEMENTED to include the documents attached to "Appellant's Motion To Supplement The Record" as Exhibits A, B, and C.

**IT IS SO ORDERED.**

### # # #

SIGNED on _____, 2017.


_____
DAVID BRIONES
UNITED STATES DISTRICT JUDGE


PREPARED BY:
Michael R. Nevarez
The Nevarez Law Firm, PC
Attorneys and Counselors At Law
P.O. Box 12247
El Paso, Texas 79913
Telephone: (915) 584-8000
Facsimiles: (915) 584-8024
Email: MNevarez@LawOfficesMRN.com

Order Granting Appellant's Motion To Supplement The Record
*The Law Offices Of Michael R. Nevarez v. Joe Jesse Monge and Rosana Elena Monge*
USDC-WDTX, El Paso Division, Case No. 3:17-cv-00055-DB                                    Page 2 of 2

51 of 51