IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

THE LAW OFFICES OF MICHAEL §
R. NEVAREZ, A PROFESSIONAL §
CORPORATION, D/B/A THE §
NEVAREZ LAW FIRM, PC §
§
Appellant, §
§
v. §    No. 17-50319
§
JOE JESSE MONGE, and §
ROSANA ELENA MONGE, §
§
Appellees. §

## RESPONSE IN OPPOSITION TO APPELLANT'S SECOND MOTION TO SUPPLEMENT THE RECORD

TO THE HONORABLE JUSTICES OF THE COURT:

Now come Appellees JOE JESSE MONGE and ROSANA ELENA MONGE (sometimes hereinafter "MONGES") and through their attorney E.P. BUD KIRK file this their Response in Opposition to Appellant's Second Motion to Supplement the Record, and for cause would show:

I.

This is an Appeal in a bankruptcy case. The bankruptcy case included Adversary proceeding No. 16-03009 styled *The Law Offices of Michael R. Nevarez, A Professional Corporation v. Joe Jesse Monge and Rosana Elena Monges* and the Chapter 7 case-in-chief of the Debtors *Joe Jesse Monge and Rosana Elena Monge*, Case No. 09-30881-HCM-7.

II.

The record on appeal in this case was the subject of a designation filed by Appellant on April 21, 2017.

III.

That designation included many items that were never before the Bankruptcy Judge:  most of them were used in other Courts.  MONGES Objected;  their objection resulted in the Order hereto appended as Exhibit "A," stating that the Motion to Supplement and the Objection would be "carried" until the appeal was decided.

IV.

Appellant's Motion to Supplement the Record would add yet more documents extraneous to the bankruptcy adversary.  They were never before the Bankruptcy Judge.

V.

The Appellant's Second Motion to Supplement the Record is improper because it would, if granted, serve as license to Appellant, to introduce documents and evidence for the first time into this appeal which were never placed into the consideration of the Bankruptcy Judge.  They are now barred by

waiver. *See In re Harris*, 464 F.3d 263 (2d Cir. 2006). *See also Maryland Casualty Co. v. State Bank of Trust Co.*, 425 F.2d 979 (5th Cir. 1970), *cert. denied* 400 U.S. 828, 91 S.Ct. 55, 27 L.Ed.2d 57 (matters outside the record submitted below cannot be raised for the first time on appeal); *accord, U.S. v. Harris*, 542 F.2d 1283 (7th Cir. 1976), *cert. denied* 430 U.S. 934, 97 S.Ct 1558, 51 L.Ed.2d 1171 (1st Cir. 1978) (appellate court will not review excerpts from transcripts of another trial); *Calhoun v. United States*, 384 F.2d 180 (5th Cir. 1967) (reviewing court cannot speculate as to matters outside the record below).

## VI.

MONGES' attorney advised NEVAREZ LAW FIRM that if the Second Motion to Supplement the Record was filed, it would be opposed. No mention of that opposition appears in the Second Motion to Supplement the Record.

## VII.

The District Court's admission of the same documents into the record, does not establish that the documents were before the Bankruptcy Judge, or reviewable or pertinent.

## VIII.

The MONGES vehemently disagree with the factual contentions of the Motion, as to why the documents have any reliance to this appeal. There were multiple real estate loans at issue in the *qui tam* suit, not just one, and the NEVAREZ LAW FIRM appropriated to itself a number of RICO claims in the same suit which NEVAREZ LAW FIRM had been hired to litigate for the MONGES and which appeared on the MONGES' Chapter 7 Schedules as property of the MONGES' bankruptcy estate. Since the Court of Appeals does not hear evidence, neither side's version of these facts, raised long after judgment, should count for anything. *Calhoun v. United States*, 384 F.2d 180.

WHEREFORE, PREMISES CONSIDERED, MONGES pray that the Second Motion to Supplement the Record be in all things denied, and that they have all other and further relief deserved in the circumstances.

Respectfully submitted this 19th day of July, 2017.

    s/ E.P. Bud Kirk
E.P. BUD KIRK
Texas State Bar No.  11508650
600 Sunland Park Drive
Bldg. Four, Suite 400
El Paso, TX  79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

## CERTIFICATE OF SERVICE

    I do hereby certify that on the 19th day of July, 2017, I did cause a copy of the foregoing Response in Opposition to Appellant's Second Motion to Supplement the Record to opposing counsel The Law Offices of Michael R. Nevarez,7362 Remcon Circle, El Paso, TX 79912;  and to Joe Jesse Monge and Rosana Monge, P.O. Box 13051, El Paso, TX 79913.

    s/ E.P. Bud Kirk
E.P. BUD KIRK
Attorney for Appellant

4513-MC-071317

# EXHIBIT "A"

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 17-50319

---

In The Matter of: JOE JESSE MONGE; ROSANA ELENA MONGE

------------------------

LAW OFFICES OF MICHAEL R. NEVAREZ, A Professional Corporation,
doing business as The Nevarez Law Firm, P.C.,

      Appellant

v.

JOE JESSE MONGE; ROSANA ELENA MONGE,

      Appellees

---

Appeal from the United States District Court for the
Western District of Texas, El Paso

---

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:

    IT IS ORDERED that appellees' opposed motion to dismiss appeal is carried with the case.

    IT IS FURTHER ORDERED that appellant's motion for sanctions is carried with the case.

IT IS FURTHER ORDERED that appellant's opposed motion to supplement the record on appeal with recently unsealed filings in RICO case is carried with the case.